THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TYRONE ATTERBERRY, Defendant-Appellant.

First District (3rd Division)   No. 1—87—2728

Opinion filed July 25, 1990.

642

Randolph N. Stone, Public Defender, of Chicago (Robert D. Glick and Ronald P. Alwin, Assistant Public Defenders, of counsel), for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Inge Fryklund, William D. Carroll, and James D. Brosnahan, Assistant State's Attorneys, of counsel), for the People.

JUSTICE RIZZI delivered the opinion of the court:

Following a bench trial, defendant Tyrone Atterberry was found guilty of attempted residential burglary and sentenced to serve six years in the Illinois Department of Corrections. On appeal, defendant argues that (1) he was not proven guilty beyond a reasonable doubt and (2) the trial court erred in failing to inform him of his right to elect alternative treatment under the Alcoholism and Substance Abuse Act (Ill. Rev. Stat. 1985, ch. 111½, par. 6301 et seq.). We affirm.

At trial, Marlene Heath testified on behalf of the State. Ms. Heath testified that at approximately 2 a.m. on the morning of February 15, 1987, she was in the bedroom of her apartment. Her apartment was located on the first floor of a multi-unit building. As Ms. Heath slept on her bed with the television set and a dim light on, she was awakened by a tearing sound at the window and the barking of her dog. When she went to the window to investigate, Ms. Heath observed a man whom she later identified as defendant, holding part of the window screen in his hand while trying to pull it loose. Ms. Heath was able to observe defendant's face in the illumination from the lights on a neighbor's house which was approximately six to seven feet from her bedroom window. Ms. Heath recognized defendant as someone she had seen a couple of times in the neighborhood. Defendant looked at Ms. Heath for a moment and then jumped down and fled. Ms. Heath contacted the police and made a report.

The following evening, at approximately 10 p.m., Ms. Heath heard her dog barking and someone turning the knob and shaking the back door of her apartment. When she pulled back the curtain and looked out the back door window, she saw defendant standing on her back porch. Defendant's face was illuminated by the light from the kitchen and an outside light which was positioned on the third floor of the apartment building. In addition, the garage had two lights on it which illuminated the entire back yard. The defendant was standing less

than a foot from Ms. Heath on the other side of the door. When she saw defendant, she called to her son, who ran out the back door in pursuit of defendant. Ms. Heath waited in her apartment for approximately five minutes, and when her son did not return, she went outside to search for defendant.

While Ms. Heath was searching in the alley, defendant ran into her, grabbed her around the collar and they began to struggle. Ms. Heath, who is a deputy Cook County Sheriff's police officer, was carrying her service revolver, and during the struggle it accidentally discharged. Ms. Heath broke free, told defendant that she was a police officer, and when he started in her direction, fired her gun at defendant. The shot missed defendant, and he ran through the gangway of the apartment building and onto the street. Ms. Heath followed defendant, who was immediately apprehended by the police who observed him running from the scene as they arrived.

Following the testimony of Chicago police officer Neal Maas, both the State and defendant rested. After closing argument, the court found defendant guilty of attempted residential burglary and sentenced him to serve six years in the Illinois Department of Corrections. This appeal followed.

On appeal, defendant first argues that he was not proven guilty of attempted residential burglary beyond a reasonable doubt. We disagree.

■ The positive identification of an accused by a single eyewitness may be sufficient to sustain a conviction. (*People v. Dean* (1987), 156 Ill. App. 3d 344, 351, 509 N.E.2d 618, 622.) An identification is considered positive, and thus reliable, where (1) the witness had a sufficient opportunity to view the offender, (2) showed an adequate degree of attention to the characteristics of the assailant, (3) described the perpetrator with a reasonable degree of accuracy, (4) displayed a sufficient amount of certainty in identifying the offender, and (5) identified the accused within a reasonable period of time following the crime. 156 Ill. App. 3d at 351, 509 N.E.2d at 622.

■ ■ Discrepancies and omissions as to facial and other physical characteristics are not fatal, but simply affect the weight to be given the identification testimony. (*People v. Slim* (1989), 127 Ill. 2d 302, 308, 537 N.E.2d 317, 319.) They do not in and of themselves generate a reasonable doubt as long as a positive identification has been made. (*Slim*, 127 Ill. 2d at 309.) In addition, courts typically have not considered discrepancies as to height and weight alone as decisive factors on review because few persons are capable of making accurate estimations of such characteristics. (*Slim*, 127 Ill. 2d at 312.) In a bench

trial, it is for the trial judge to determine the credibility of witnesses, to weigh evidence and draw reasonable inferences therefrom, and to resolve any conflicts in the evidence. On review, the trial court's judgment will not be set aside unless the proof is so unsatisfactory, improbable or implausible as to justify a reasonable doubt as to the defendant's guilt. *Slim*, 127 Ill. 2d at 307.

■ In the present case, defendant argues that Ms. Heath's February 15, 1987, description of the offender included a height estimation of 5 feet 10 or 11 inches tall, when defendant was actually 6 feet 1 inch tall, as well as the fact that Ms. Heath failed to mention that defendant had facial hair, are identification discrepancies which make her testimony vague and uncertain. However, under the *Dean* analysis, Ms. Heath's identification of defendant was positive and reliable where (1) she had a sufficient opportunity to view defendant as he attempted to remove the screen from her bedroom window, while he stood on her back porch and as they struggled in the alley behind her apartment building; (2) her attention was focused on the defendant during the aforementioned confrontations; (3) her overall description of defendant was accurate and her estimation of his height was only a few inches off; (4) she was certain of her on-the-scene identification of defendant when he was apprehended by the police; and (5) she identified defendant one day following her original confrontation when he attempted to remove the screen from her bedroom window. In addition, the only mention of defendant's alleged facial hair is contained in the police report which was not introduced into evidence. Under these circumstances, we conclude that Ms. Heath's identification testimony was not so unsatisfactory, improbable or implausible as to raise a reasonable doubt of defendant's guilt.

Defendant next argues that the trial court erred in failing to inform him of his right to elect alternative treatment under the Alcoholism and Substance Abuse Act. We disagree.

■ The Alcoholism and Substance Abuse Act provides in pertinent part:

> "If a court has reason to believe that an individual convicted of a crime is an addict or the individual states that he is an addict and the court finds that he is eligible to make the election provided for under Section 21, the court shall advise him that he may be placed on probation if he elects to submit to treatment and is accepted for treatment by a licensed program designated by the Department." (Ill. Rev. Stat. 1985, ch. 111½, par. 6323.)

The Act defines an addict as "any person who habitually uses any

drug, chemical, substance or dangerous drug other than alcohol so as to endanger the public morals, health, safety or welfare or who is so far addicted to the use of a dangerous drug or controlled substance other than alcohol as to have lost the power of self control with reference to his addiction." Ill. Rev. Stat. 1985, ch. 111½, par. 6304.1.

■ The Act requires the trial judge to inform every defendant whom he knows or has reason to believe is an addict of the possibility of treatment under the Act. (*People v. Richardson* (1984), 104 Ill. 2d 8, 17, 470 N.E.2d 1024, 1029.) However, the court is under no such obligation where the offender is in good health but, according to the presentence report, has used drugs in the past. *People v. Jones* (1985), 132 Ill. App. 3d 764, 767, 477 N.E.2d 836, 838-39.

■ In the present case, no evidence was admitted at trial to show that defendant was a drug addict. Only one reference was made to defendant's alleged drug use prior to the imposition of sentence. In mitigation of the impending sentence, defense counsel argued that: "He has used drugs substantially. I believe his conduct required a BCX and other than that, we would rely on the PSI filed." In addition, defendant's presentence investigation report indicated that "[t]he defendant stated that he has been drinking alcoholic beverages since the age of 16. The defendant further stated that he drank wine, whiskey and beer daily up to the date of his incarceration. The defendant also stated that he has never been a resident of an alcoholic treatment center, nor has he participated in any related program. The defendant stated that he has been smoking marijuana since the age of 17. The defendant further stated that he has never been a resident of a drug rehabilitation center, nor has he participated in any related program." Under these circumstances, there is no indication that drugs have impaired defendant's health. While the record indicates that the defendant may have been an alcohol and drug abuser, it is deplete of any evidence of drug addiction. We therefore conclude that the trial court did not err in failing to inform defendant of his right to elect alternative treatment under the Alcoholism and Substance Abuse Act.

For all of the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

CERDA, P.J., and WHITE, J., concur.