THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
FRANK HIRSCHMANN, a/k/a Jim Iverson, Defendant-Appellant.

First District (3rd Division)   No. 85—3204

Opinion filed September 21, 1988.

Randolph N. Stone, Public Defender, of Chicago (Karen E. Tietz, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr., Joan E. Disis, and Paul A. Tanzillo, Assistant State's Attorneys, of counsel), for the People.

JUSTICE RIZZI delivered the opinion of the court:

Following a jury trial, defendant, Frank Hirschmann, was convicted of attempted burglary and criminal damage to property and sentenced to three years' imprisonment. On appeal, defendant argues that (1) the trial court's refusal to instruct the jury with the defense's tendered identification instruction was error; (2) the trial court abused its discretion in denying defendant treatment for substance abuse as an alternative to incarceration; and (3) the prosecutor's use of leading questions during examination of the complainant as well as his comments in closing argument constitutes reversible error. We affirm.

On April 19, 1984, James Crane was awakened by noises which were coming from the alley behind his building. When Crane went to his window to look out, he observed a man trying to break the win-

dow of a foreign car repair garage across the alley. This man was later identified as the defendant. Defendant also knocked and banged on the door handle of the rear garage in an attempt to open the door. Crane continued to watch defendant as he called the police.

Defendant continued to move around the garage in an attempt to gain entry. Crane continued to watch defendant, and as defendant came close to Crane's window, Crane gave the police a description of defendant's face, clothing and body build over the phone.

Crane was still watching defendant when the police arrived. When defendant saw the police, he ran away. Crane saw defendant run west and relayed this information to the police dispatcher who was on the phone. After a foot-chase by the police, defendant was apprehended. When defendant was handcuffed and searched, the police recovered gloves, two small flashlights, a folding knife and an auto ignition key.

Defendant was taken back to the alley where Crane had previously observed him. When asked if defendant was the man Crane had called the police about, Crane responded that defendant was the person he had seen trying to break into the garage.

The owner of the garage testified at trial for the State. Nick Busioc stated that when he left his garage on April 18, 1984, the garage was in perfect condition. However, when he returned the next morning, the knob of the back door had been ripped off, the window which faces the alley was broken and a fuse box was open with a circuit breaker turned down in an "off" position.

At the close of the State's case, defendant made a motion for a directed finding. This motion was denied. Defendant chose not to present any evidence. At the instruction conference, defendant sought to have the jury instructed with a non-Illinois Pattern Jury Instructions (IPI) instruction on the defense theory of honest but mistaken identification. The court denied defendant's request. Following deliberation, the jury returned a verdict of guilty of attempted burglary and criminal damage to property.

At the sentencing hearing, the court heard evidence in aggravation and mitigation. The court also heard testimony from Diedre Cobb, a TASC (Treatment Alternatives to Street Crimes) representative. Cobb stated that defendant is an addict and that he demonstrates a likelihood of rehabilitation through drug treatment. The court denied TASC treatment for defendant and entered judgment on the attempted burglary conviction. No judgment was entered on the criminal damage to property conviction and it is not an issue in this appeal.

■ Defendant first argues that the trial court erred in refusing to instruct the jury with defendant's non-IPI instruction on identification. Defendant asserts that the sole issue in this case was one of identification. Therefore, defendant's proposed instruction listing several factors involved in assessing the reliability of the identification witness should have been tendered. We disagree.

A trial judge should be particularly hesitant in instructing a jury with non-pattern jury instructions, especially when such instructions can call particular attention to certain portions of tendered evidence. *People v. Vanda* (1982), 111 Ill. App. 3d 551, 568-69, 444 N.E.2d 609, 622.

We believe that the two instructions given by the court, IPI Criminal 2d Nos. 1.02 and 2.03, were adequate for the jury to judge the credibility of the identification witness, the presumption of innocence and to adequately protect defendant's right to a fair trial. (Illinois Pattern Jury Instructions, Criminal, No. 1.02 (2d ed. 1981) (hereinafter IPI Criminal 2d); IPI Criminal 2d No. 2.03; *People v. Hall* (1985), 134 Ill. App. 3d 961, 970, 481 N.E.2d 290, 296.) In fact, the committee comments to IPI Criminal 2d No. 3.15 recommend that special instruction on eyewitness identification not be given. (IPI Criminal 2d No. 3.15.) Therefore, the trial court properly refused to submit defendant's tendered instruction on identification to the jury.

■■ Defendant next argues that the trial court erred in denying him admission into the TASC program. We disagree.

The purpose of the Alcoholism and Substance Abuse Act (Act) is to prevent drug abuse and encourage treatment and rehabilitation of drug addicts. (Ill. Rev. Stat. 1985, ch. 111½, par. 6301 *et seq.*) However, a defendant does not have an absolute right to be sentenced under the Act. It is within the discretion of the trial court to offer a defendant treatment under the Act. Factors to be considered are the defendant's past record of drug abuse and the likelihood of rehabilitation through treatment under the program. (*People v. Williams* (1985), 138 Ill. App. 3d 592, 594, 486 N.E.2d 333, 335.) The trial court's determination of a defendant's eligibility for treatment and sentencing under the Act will not be reversed on review absent a showing that the trial court acted in an arbitrary manner or abused its discretion.

■ In the instant case, following testimony by defendant and his mother that defendant was a drug abuser, the trial court ordered a TASC evaluation. The TASC report indicated that defendant was an addict and that he demonstrated a likelihood of rehabilitation through drug treatment. In sentencing defendant, the trial court observed

that defendant's criminal record indicated that defendant had had several contacts with the law in the past. In fact, defendant was on 30 months' probation for theft at the time that this offense was committed. At no time in the past had defendant ever requested treatment under the Act. The trial court felt that the only reason defendant was seeking treatment at this time was because defendant did not wish to serve time in the Illinois Department of Corrections. In considering the history, character and condition of defendant, the court stated:

"I have heard no testimony any place at all relative to a nexus between the relationship itself, that is, the drug addiction, and what he committed. *** The court knows that the defendant having been convicted of a previous offense and prior to the conviction in this case that society in the Court's opinion feels that his imprisonment, and perhaps the law, is necessary for the protection of the public. For the second time this Court feels—society itself should be protected from the repeater and that the public does need the protection from the repeater."

The record supports the court's conclusion that defendant was unlikely to comply with a treatment program and that he was a threat to society. Accordingly, we find that the trial court properly denied defendant sentencing under the Act.

Defendant next argues that the prosecutor's use of leading questions during examination of the complainant as well as his comment in closing argument making reference to defendant's state of the evidence constitutes reversible error. We disagree.

The allowance of leading questions in a trial is within the discretion of the trial court. Thus, the trial court's determination to allow such questions will not be disturbed on review absent an abuse of discretion. (*People v. Spencer* (1983), 119 Ill. App. 3d 971, 979, 457 N.E.2d 473, 479.) Moreover, the test for determining whether a defendant's right to remain silent has been violated is whether any reference to such was calculated to direct the attention of the jury to the defendant's failure to avail himself of his legal right to testify. *People v. Cooper* (1985), 136 Ill. App. 3d 517, 522, 483 N.E.2d 309, 312.

In the instant case, the conduct complained of by defendant involved the following:

"THE STATE: Now, when the police first arrived, where was the defendant or where—excuse me—where was the man you had been watching?

\* \* \*

THE STATE: When the defendant ran away were you still on the phone?

\* \* \*

THE STATE: After the police arrived and the defendant ran away, did you remain on the phone?

\* \* \*

THE STATE: How much longer did you remain on the phone after the defendant fled?

\* \* \*

THE STATE: After the defendant ran west—."

In his closing argument the prosecutor stated:

"We have heard all of the evidence from both sides in this case. We have heard the evidence from the People of the State of Illinois who have charged Frank Hirschmann with attempt burglary. We have heard the evidence from the defendant."

In the instant case, we find that the prosecutor's comment was not calculated to direct the attention of the jury to the fact that defendant did not testify. Our conclusion is supported by the fact that defendant himself did not at trial object to the State's comment as drawing attention to the fact that defendant did not testify. Moreover, the jury was instructed that it was not to consider the fact that defendant did not testify in arriving at its verdict. We further find that in light of the evidence against defendant at trial, the trial court did not abuse its discretion in allowing the State to ask questions that defendant not characterize as leading.

Accordingly, the decision of the trial court is affirmed.

Affirmed.

WHITE, P.J., and McNAMARA, J., concur.