THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL DOUGLAS, Defendant-Appellant.

Fourth District   No. 4—89—0832

Opinion filed July 26, 1990.

Daniel D. Yuhas and Karen Munoz, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle, Robert J. Biderman, and Peter C. Drummond, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

On October 20, 1989, the defendant Michael Douglas was sentenced to eight years' imprisonment in the penitentiary. The defendant had been charged by indictment on July 20, 1989, with one count of home invasion and two counts of residential burglary. The jury returned verdicts finding the defendant guilty of residential burglary and not guilty of home invasion. The defendant filed timely notice of appeal, the only issue being whether the trial court abused its discretion in denying the defendant alcohol and substance abuse treatment pursuant to section 10—102 of the Illinois Alcoholism and Other Drug Dependency Act (Act) (Ill. Rev. Stat. 1989, ch. 111½, par. 6360—2).

The facts will be reviewed only as necessary to a disposition of this appeal. At the sentencing hearing, the defendant presented two witnesses, Angela LeGrand, who performed an evaluation for Treatment Alternatives to Street Crime (TASC), and Dave McCausland. LeGrand testified that she believed the defendant was addicted to alcohol and secondarily to marijuana, was eligible for treatment, and recommended treatment in Chicago with a long-term treatment program of between 9 and 12 months. McCausland believed that Douglas needed long-term residential treatment, that he was chemically dependent with alcohol being the primary dependency and marijuana being a secondary dependency. Defendant had no prior convictions and was eligible for TASC. The trial court denied the defendant treatment under section 10—102 of the Act.

Section 10—102 of the Act (Ill. Rev. Stat. 1989, ch. 111½, par. 6360—2) provides two options to the court with respect to a defendant who seeks treatment under the provisions of that act.

First, if the court, on the basis of the report and other informa-

tion, finds that the individual *is* an addict or alcoholic and is likely to be rehabilitated through treatment, the defendant shall be placed on probation and under the supervision of a designated program and under the supervision of proper probation authorities unless:

> "[1] [G]iving consideration to the nature and circumstances of the offense and to the history, character and condition of the individual, the court is of the opinion that no significant relationship exists between the addiction or alcoholism of the individual and the crime committed, or [2] that his imprisonment or periodic imprisonment is necessary for the protection of the public, and the court specifies on the record the particular evidence, information or other reasons that form the basis of such opinion." Ill. Rev. Stat. 1989, ch. 111½, par. 6360—2.

Second, if the court finds, based upon the report or other information, that the defendant *is not*:

> "[1] [A]n addict or an alcoholic likely to be rehabilitated through treatment, or [2] that his addiction or alcoholism and the crime committed are not significantly related, or [3] that his imprisonment or periodic imprisonment is necessary for the protection of the public, the court shall impose sentence as in other cases." Ill. Rev. Stat. 1989, ch. 111½, par. 6360—2.

The court at the time of sentencing stated:

> "[F]rom all the information, the totality of information that has been provided me, including the defendant's own statements, or in some cases lack thereof, I am not satisfied that Mr. Douglas' problem with alcohol is as serious or significant as has been portrayed here. More importantly, from all of the information provided me plus the nature and the circumstances [of] the offense and, again, Mr. Douglas' own statements, the evidence of his own statements, I have very serious doubts about any significant connection between Mr. Douglas' drinking generally and the crime with [*sic*] which he stands convicted.
>
> *** [W]e know that injury did result from this offense, the residential burglary ***. *** [I] feel that it's not inappropriate to consider that incarceration of Mr. Douglas is necessary for protection of the public. For all of those reasons, I believe that a sentence under Chapter 111½ is not an appropriate sentence in this case ***."

■ As stated in *People v. Hirschmann* (1988), 175 Ill. App. 3d 150, 153, 529 N.E.2d 760, 762:

> "The trial court's determination of a defendant's eligibility for treatment and sentencing under the Act will not be reversed on

review absent a showing that the trial court acted in an arbitrary manner or abused its discretion."

■■ Although the trial court did not indicate whether the defendant was an addict or alcoholic, the trial court did substantially comply with the provisions of section 10—102 of the Act. The trial court found that the crime committed and the alcoholism or addiction, if any, were not significantly related and also found that imprisonment was necessary for the protection of the public. This is compliance with section 10—102 of the Act. (Ill. Rev. Stat. 1989, ch. 111½, par. 6360—2.) The trial court did not act arbitrarily, nor did it abuse its discretion in denying defendant's request.

The sentence of the circuit court of Champaign County is affirmed.

Affirmed.

KNECHT, P.J., and GREEN, J., concur.