THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DAVID MEEKS, Defendant-Appellant.

First District (6th Division)   No. 1—91—0315

Opinion filed October 9, 1992.

Michael J. Pelletier and Alan D. Goldberg, both of State Appellate Defender's Office, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Theodore F. Burtzos, and William D. Carroll, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McNAMARA delivered the opinion of the court:

Following a bench trial, defendant, David Meeks, was convicted of possession of a stolen motor vehicle and possession of burglary tools (Ill. Rev. Stat. 1985, ch. 95½, par. 4—103(a)(1); ch. 38, par. 19—2(a), respectively), and was sentenced to a concurrent term of 12 years. Defendant appeals, contending that prior to sentencing, the trial judge should have permitted him to be examined for drug and alcohol

addiction by the Treatment Alternatives to Street Crime program (TASC) to determine whether he was eligible to participate in the program pursuant to section 10—102 of the Illinois Alcoholism and Other Drug Dependency Act (Ill. Rev. Stat. 1989, ch. 111½, par. 6351—1 *et seq.*) (Act). Additionally, defendant contends that sentencing under the Class X sentence enhancement statute was improper. Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3(c)(8).

In view of the nature of the issues on appeal, only a brief recitation of the facts is necessary. Two police officers received a flash regarding a stolen car. The officers then saw the stolen vehicle being driven by defendant. After a high-speed chase, defendant abandoned the vehicle and ran. The officers apprehended him. There were no keys in the ignition, and the steering column was peeled. The police found no drugs on defendant's person.

Defendant testified and denied that he had stolen the car. While defendant was walking down the street, a man jumped out of a van and said the police were following him. Defendant panicked and fled the scene because he had just been at a drug house where he purchased some heroin and cocaine.

In rebuttal, the State presented certified copies of defendant's convictions for three felonies, including one from Mississippi and two from Cook County. Upon defense counsel's objection, which he stated was made for the record, the trial judge allowed the two convictions from Cook County, but sustained the objection as to the Mississippi conviction.

Following closing arguments, the trial judge found defendant guilty, and a presentence investigation report was ordered.

The presentence investigation report indicated that defendant admitted to being a drug addict, having begun using narcotics 14 years earlier and on a daily basis seven years earlier. Defendant used heroin, cocaine and PCP, and prior to his arrest and incarceration had been using about one-tenth of a gram of heroin and 1½ grams of cocaine per day. He also stated that he had been consuming about a pint of wine a day, and had an alcohol-consumption problem. Defendant was in the drug abuse program at Cook County jail, but had never received drug treatment prior to his incarceration. In addition, defendant filed a *pro se* motion requesting diversion for substance abuse treatment under the Act.

At the sentencing hearing, the State argued that defendant should be sentenced as a Class X offender as a result of the two prior Class 2 Illinois convictions. (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3(c)(8).) One of the two previous convictions was for possession of

stolen motor vehicle parts, and the other for auto theft. In mitigation, the defense asserted that defendant's problems with crime were a product of his substance abuse. Defendant then presented a written motion requesting substance abuse treatment and an evaluation by TASC to determine whether defendant was suitable for drug abuse treatment.

The trial judge denied defendant's motion for a TASC evaluation and sentenced him to a term of 12 years, stating that defendant was "a danger to other people and a habitual offender."

On appeal, defendant first argues that his sentence should be vacated and his cause remanded for resentencing because the trial court refused to order a TASC examination prior to sentencing. Defendant contends that the trial court's failure to order such an examination violated section 10—102 of the Act.

■ Section 10—102 of the Act provides that if the court has "reason to believe" a convicted defendant is an addict or alcoholic, "the court shall advise him that he may be placed on probation if he elects to submit to treatment and is accepted for treatment by a designated program." (Ill. Rev. Stat. 1989, ch. 111½, par. 6360—2.) A defendant is not eligible to make such an election, however, if barred by the exclusions enumerated in section 10—101 of the Act. Specifically, a defendant is ineligible for treatment if (a) the crime is a crime of violence; (b) the crime is a violation of one or more enumerated sections of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1991, ch. 56½, par. 1101 et seq.) or the Cannabis Control Act (Ill. Rev. Stat. 1991, ch. 56½, par. 701 et seq.); (c) the defendant has a record of two or more convictions of a crime of violence; (d) other criminal proceedings alleging commission of a felony are pending against the defendant; (e) the defendant is on probation or parole and the appropriate parole or probation authority does not consent to treatment; (f) the defendant elected and was admitted to a designated program on two prior occasions within any consecutive two-year period; (g) the defendant has been convicted of residential burglary and has a record of one or more felony convictions; (h) the crime violates section 11—501 of the Illinois Vehicle Code (Ill. Rev. Stat. 1991, ch. 95½, par. 11—501), or a similar local ordinance; or (i) the crime is a reckless homicide or a reckless homicide of an unborn child, where the cause of death resulted from defendant driving a motor vehicle while under the influence of alcohol or drugs.

■ Once a court has "reason to believe" an otherwise eligible defendant is an addict or alcoholic, the court must advise him of his option to elect treatment. (*People v. Henry* (1990), 203 Ill. App. 3d

278, 560 N.E.2d 1205; *People v. Strange* (1984), 125 Ill. App. 3d 43, 465 N.E.2d 616.) If the defendant elects to undergo treatment, section 10—102 states that "the court shall order an examination by a designated program to determine whether he is an addict or alcoholic and is likely to be rehabilitated through treatment." (Ill. Rev. Stat. 1989, ch. 111½, par. 6360—2.) The designated program is then required to report to the court the results of the examination and to recommend whether the defendant should receive treatment. The trial court, on the basis of the report and other information, must then make a determination whether to grant defendant probation to receive treatment.

Applying section 10—102 of the Act to this cause, we note first that the trial judge had sufficient reason to believe that defendant was an addict. At trial and at the sentencing hearing, defendant stated that he was addicted to drugs and alcohol. Moreover, the presentence investigation report contained statements by defendant that he consumed approximately one pint of wine per day, in addition to using narcotics regularly since the age of 16. He also stated that he started using narcotics, primarily heroin, cocaine and PCP, on a daily basis since the age of 23. The trial judge also indicated that he believed defendant was an addict.

We note further that none of the exclusions enumerated in section 10—101 of the Act apply to this defendant. Consequently, since the trial judge had reason to believe and actually believed that defendant was an addict, he was required by the Act to give defendant an opportunity to elect to undergo treatment.

The record is clear that defendant did, in fact, request treatment through the TASC program. At sentencing, defendant specifically requested an evaluation by TASC and treatment in a drug program. At this point, the trial court was required by the Act to order a TASC examination of defendant to determine whether he was in fact an addict or alcoholic and was likely to be rehabilitated through treatment. That was not done here.

Instead, at the sentencing hearing the trial judge, without the benefit of a TASC evaluation of defendant, stated, "I'm denying your motion for a TASC evaluation. I do not believe you are an appropriate person for TASC. I believe for the safeguards of the public, the people and property *** society can only be served by you being in the penitentiary."

We acknowledge that a defendant does not have an absolute right to the treatment alternative provided by the Act. (*People v. Moore* (1990), 206 Ill. App. 3d 769, 565 N.E.2d 154; *People v. Hirschmann*

(1988), 175 Ill. App. 3d 150, 529 N.E.2d 760.) Rather, we recognize that the trial court has broad discretion to deny or grant a defendant's request to participate in the treatment program. (*People v. Moore*, 206 Ill. App. 3d 769, 565 N.E.2d 154.) However, this broad discretion must be in keeping with the mandates of the Act established by the legislature. We conclude that the trial judge violated the Act by refusing to grant an evaluation of defendant prior to sentencing. While the trial court may consider the history and character of defendant and the circumstances of the offense, and ultimately determine that his imprisonment is necessary for the protection of the public, as the trial judge concluded here, such a conclusion is not appropriate until *after* an evaluation has been ordered and considered by the court. (*People v. Henry*, 203 Ill. App. 3d 278, 560 N.E.2d 1205; *People v. Strange*, 125 Ill. App. 3d 43, 465 N.E.2d 616; *People v. Bender* (1992), 226 Ill. App. 3d 940, 590 N.E.2d 532.) In short, the trial court's rejection of defendant's request for treatment prior to the mandatory evaluation was a premature exercise of discretion contrary to the express terms of section 10—102 of the Act, which deprived defendant of his statutory right to have the court consider the TASC report before sentencing. See *People v. Strange*, 125 Ill. App. 3d 43, 465 N.E.2d 616.

Defendant also contends that sentencing under the Class X sentence enhancement statute (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3(c)(8)) was improper. Specifically, defendant argues that the reports relied upon by the trial court were deficient for the purpose of imposing a Class X sentence because the commission dates of his prior felonies were not clearly indicated in the reports.

We hold that defendant has waived his right to bring this issue on appeal. In reaching our decision of waiver, we note that at no time did defendant notify the trial judge that he believed these reports to be deficient. Indeed, defense counsel stated that he was objecting to their introduction only for the record. Moreover, defense counsel made no objection to sentencing defendant as a Class X offender. The issue is waived.

For all of the reasons stated, we uphold defendant's conviction, vacate the sentence and remand for further proceedings consistent with this opinion.

Judgment of conviction affirmed; sentence vacated; and cause remanded with directions.

EGAN, P.J., and RAKOWSKI, J., concur.