THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIAM G. GERNANT, Defendant-Appellant.

Third District   No. 3—92—0372

Opinion filed March 15, 1993.

Kenneth D. Brown, of State Appellate Defender's Office, of Ottawa, for appellant.

Marshall E. Douglas, State's Attorney, of Rock Island (John X. Breslin and Nancy Rink Carter, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

The defendant, William G. Gernant, pled guilty to two counts of burglary (Ill. Rev. Stat. 1991, ch. 38, par. 19—1(a)). He was sentenced to concurrent terms of five years' imprisonment. He appeals.

The sole issue on appeal is whether the trial judge erred in denying the defendant treatment under the Illinois Alcoholism and Other Drug Dependency Act (the Act) (Ill. Rev. Stat. 1991, ch. 111½, par. 6351—1 et seq.). We find no error and affirm.

The record shows that the trial judge found the defendant to be addicted to alcohol. However, the trial judge also noted the defendant's extensive criminal record and found that the defendant was unlikely to complete treatment under the Act and be rehabilitated. The judge also found that the defendant's imprisonment was necessary for the protection of the public.

The record further shows that the 26-year-old defendant had twice been adjudicated delinquent as a juvenile. He also had adult convictions for criminal trespass to State-supported land, unlawful use of a credit card, fraud and theft of telecommunication services, obstructing a peace officer, receiving a credit card of another, two theft offenses, and a long list of traffic offenses. Further, the defendant committed several of these offenses while on supervision or probation.

The defendant also had a poor history of employment. He reported that between 1987 and 1989 he had worked in car washes as well as in contracting, carpentry, roofing, and general labor. In October of 1989, the defendant was incarcerated in the Department of

Corrections. After his release, he worked for IBP until he was terminated 10 months later. Prior to sentencing, he had been accepted into a roofer's union apprenticeship program.

The representative from TASC (Treatment Alternatives to Street Crimes) who examined the defendant concluded that he was an addict who was primarily addicted to alcohol. She believed that he could be rehabilitated through treatment.

On appeal, the defendant argues that the judge erred in denying him treatment because the defendant was found to be an addict, he posed no serious threat to the public, and he was likely to be rehabilitated through treatment.

A judge may deny treatment under the Act if he finds that the defendant is not likely to be rehabilitated through treatment or that a term of imprisonment is necessary for the protection of the public. (Ill. Rev. Stat. 1991, ch. 111½, par. 6360—2.) The proper sentence to be imposed is a decision peculiarly within the province of the trial judge. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) A trial judge's determination of a defendant's eligibility for treatment and sentence under the Act will not be reversed on review absent a showing that the trial judge acted in an arbitrary manner or abused his discretion. *People v. Douglas* (1990), 200 Ill. App. 3d 186, 558 N.E.2d 614.

The evidence supports the trial judge's findings. The defendant was consistently involved in criminal activity from the time he was a juvenile until the present offenses. He also violated supervision and probation on several occasions. Further, he had only been sporadically employed, and he had recently been terminated from employment. Based on the foregoing evidence, the trial judge had ample reason to conclude that the defendant was not likely to be rehabilitated and that his imprisonment was necessary for the protection of the public. We therefore find that the trial judge did not abuse his discretion or act arbitrarily by denying the defendant treatment under the Act.

The judgment of the circuit court of Rock Island County is affirmed.

Affirmed.

SLATER and BARRY, JJ., concur.