THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RICHARD LILLARD, Defendant-Appellant.

Third District   No. 3—92—0949

Opinion filed July 16, 1993.

Stephen Omolecki, of State Appellate Defender's Office, of Ottawa, for appellant.

Clarke Erickson, State's Attorney, of Kankakee (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE McCUSKEY delivered the opinion of the court:

The defendant, Richard Lillard, was convicted of retail theft and sentenced to three years' imprisonment. On appeal, the defendant argues that his sentence should be vacated and his cause remanded for resentencing because of the trial court's failure to advise him of his right to elect treatment for alcoholism under the Illinois Alcoholism and Other Drug Dependency Act (Act) (Ill. Rev. Stat. 1991, ch. 111½, par. 6351—1 *et seq.*). We agree and reverse.

Section 10—102 of the Act states in relevant part:

"If a court has reason to believe that an individual *** convicted of a crime is an addict or alcoholic and the court finds that he is eligible to make the election provided for under Section 10—101, the court shall advise him that he may be placed on probation if he elects to submit to treatment and is accepted for treatment by a designated program." (Ill. Rev. Stat. 1991, ch. 111½, par. 6360—2.)

The language of this Act is mandatory, not discretionary. *People v. Richardson* (1984), 104 Ill. 2d 8, 470 N.E.2d 1024.

The issue in this case is whether the evidence before the trial court was sufficient to give the court "reason to believe" that the defendant was an alcoholic.

Section 1—103 of the Act states:

" 'Alcoholic' means a person who suffers from an illness characterized by preoccupation with alcohol which is typically associated with physical disability and impaired emotional, occupational or social adjustments as a direct consequence of loss of control over consumption of alcohol and demonstrated by persistent and excessive use of alcohol such as usually leads to intoxication if drinking is begun; by chronicity, by

progression, and by tendency toward relapse." Ill. Rev. Stat. 1991, ch. 111½, par. 6351—3.

██ In the case at hand, the record shows that the defendant testified that he had been an alcoholic for 12 years and had suffered from blackouts for about six years. In addition, he told the presentence investigation officer that he had twice received treatment for alcoholism. Other evidence showed that the defendant suffered from cirrhosis of the liver and had to seek medical attention while incarcerated because he was vomiting blood.

The record also shows that the trial judge asked the defendant how long he had been an alcoholic. In addition, the judge noted that the defendant's substance abuse had affected his memory.

Based on this evidence, we find that sufficient evidence was presented to give the trial court "reason to believe" that the defendant was an alcoholic. As such, the court was required to inform the defendant that he could elect to submit to treatment. Since the court failed to do this, we remand this cause and order the trial court to advise the defendant of his option of probation if he elects to submit to alcohol treatment.

We note that our decision does *not* reach the question of whether the defendant should be given treatment as an alternative to a prison term. That decision is for the trial court to make after it has evaluated the information concerning the defendant's examination.

The defendant also argues on appeal that the trial court erred in sentencing him to three years of imprisonment. Specifically, he contends that the court failed to take into consideration the fact that he only attempted to steal a $5 bottle of wine and that his actions were affected by his alcoholism.

Although we are remanding this case, we would note that the defendant's sentence appears to be proper. Sentencing is largely a matter of judicial discretion and, absent an abuse of that discretion, it will not be altered on review. *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.

██ Here, the record shows that the defendant has a criminal record dating back to 1966 which included eight prior theft convictions, four possession of cannabis convictions, a possession of a controlled substance conviction, and a disorderly conduct conviction. Based on the defendant's extensive criminal record, we cannot say that the trial court abused its discretion in sentencing the defendant to three years' imprisonment.

686

The judgment of the circuit court of Kankakee County is reversed and the cause remanded for proceedings consistent with this decision.

Reversed and remanded.

BARRY and LYTTON, JJ., concur.