641 N.E.2d 948 (1994)
267 Ill.App.3d 482
204 Ill.Dec. 518
The PEOPLE of the State of Illinois, Plaintiff-Appellee,
v.
Robert BROWN, Defendant-Appellant.
No. 1-93-0029.
Appellate Court of Illinois, First District, Third Division.
October 12, 1994.
*949 Jack O'Malley, State's Atty. of Cook County, Chicago (Renee Goldfarb, William D. Carroll and LaTisha Foster, of counsel), for appellee.
Rita A. Fry, Public Defender of Cook County, Chicago (Alison Edwards, of counsel), for appellant.
Justice GREIMAN delivered the opinion of the court:
Following a jury trial, defendant Robert Brown was convicted of vehicular invasion for his participation with codefendant Anthony King in a smash and grab robbery and received an 11-year sentence in prison. Prior to defendant's trial, King pleaded guilty to the crime and received a four-year sentence.
Defendant now appeals his conviction on the grounds that the State improperly cross-examined the only defense witness (King) about his prior use of aliases and engaged in prosecutorial misconduct during rebuttal closing argument.
Defendant also appeals his sentence on the grounds that the trial court erred by denying his request for an examination to determine his eligibility for drug treatment under the Alcoholism and Other Drug Dependency Act (Act) (Ill.Rev.Stat.1991, ch. 111½, par. 6351-1 et seq., now codified at 20 ILCS 305/1-101 et seq. (West 1993)) and that impermissible disparity *950 exists between his 11-year sentence and the 4-year sentence imposed on codefendant King.
We affirm the conviction but vacate the sentence because defendant met the criteria for consideration of drug treatment under the Act. We file this opinion pursuant to Supreme Court Rule 23(a)(1) (Official Reports Advance Sheet No. 15 (July 20, 1994), R. 23, effective July 1, 1994) to explain the effect of an amendment to the Act which deleted material upon which a defendant might have relied.
First, as correctly conceded by defendant, he has waived his contention that the State improperly elicited testimony regarding King's use of aliases because defendant failed to object at trial and to assert this claim in his post-trial motion. (People v. Coleman (1994), 158 Ill.2d 319, 339, 198 Ill. Dec. 813, 633 N.E.2d 654 (waiver of the use of alias evidence).) We decline defendant's suggestion to invoke the plain error doctrine since the evidence was not closely balanced and the admission of the challenged alias evidence did not deny defendant a fair trial. Coleman, 158 Ill.2d at 339, 198 Ill.Dec. 813, 633 N.E.2d 654; see also People v. Childress (1994), 158 Ill.2d 275, 300, 198 Ill.Dec. 794, 633 N.E.2d 635 ("[t]he plain error exception does not operate as a general savings clause").
Second, defendant waived his challenge to the State's comments in rebuttal closing argument by failing to identify the alleged improper remarks in his post-trial motion. The general and vague allegation stated in defendant's post-trial motion is not sufficient to overcome waiver. (People v. Buchanan (1991), 211 Ill.App.3d 305, 312, 155 Ill.Dec. 831, 570 N.E.2d 344.) Moreover, the prosecutor is allowed wide latitude in closing argument and may respond in rebuttal to statements made by the defense in closing argument where the defense invites such response by his own argument. E.g., People v. Nitz (1991), 143 Ill.2d 82, 118, 157 Ill.Dec. 431, 572 N.E.2d 895; People v. Davis (1992), 236 Ill.App.3d 233, 243, 177 Ill.Dec. 565, 603 N.E.2d 635; People v. Petrusel (1992), 238 Ill.App.3d 683, 690-91, 179 Ill.Dec. 715, 606 N.E.2d 547.
Third, defendant asserts that the trial court was required to order a substance abuse evaluation pursuant to the Act based on defense counsel's following statement at the start of defendant's sentencing hearing:
"It has to do with [defendant's] alcohol and drug history. And after talking with [defendant, he] has indicated that he was somewhat ashamed of his prior drug use and he informed me in fact at the time of the incident he had been drinking regularly and heavily, and had been using cocaine on a daily basis in addition to smoking marijuana. And based upon that, your honor, we would be asking that [defendant] be examined under [the Act] for drug treatment."
Defendant relies on this court's decisions in People v. Henry (1990), 203 Ill.App.3d 278, 148 Ill.Dec. 608, 560 N.E.2d 1205, and People v. Beasley (1982), 109 Ill.App.3d 446, 65 Ill. Dec. 106, 440 N.E.2d 961.
The State maintains that defense counsel's representation is insufficient to trigger an evaluation under the Act and that the Henry and Beasley cases were wrongly decided and are factually distinguishable from the present case.
The purpose of the Act is to prevent drug abuse and encourage treatment and rehabilitation by allowing eligible defendants to elect rehabilitative treatment instead of traditional sentencing. (People v. Bender (1992), 226 Ill.App.3d 940, 168 Ill.Dec. 895, 590 N.E.2d 532.) To achieve these purposes, the provisions of the Act must be liberally construed. 20 ILCS 305/1-102 (West 1993).
The Act mandates that the trial court must advise a defendant of his option to elect treatment once the court is given a reason to believe an otherwise eligible defendant is an addict or alcoholic. (People v. Meeks (1992), 236 Ill.App.3d 193, 196-97, 177 Ill.Dec. 687, 603 N.E.2d 757.) If the defendant chooses to undergo treatment, the Act requires the court to order a substance abuse evaluation "by a designated program to determine whether he is an addict or alcoholic and is likely to be rehabilitated through treatment." 20 ILCS 305/10-102 (West 1993).
*951 The provision of the Act which determines whether or not a substance abuse evaluation is required has undergone several alterations from the versions encountered in the Henry and Beasley cases. Notwithstanding the present parties' silence as to the statutory language change in the Act, we are obligated to presume that every amendment to a statute has a purpose and must consider the language of the changed statute in light of the need for the amendment. People v. Richardson (1984), 104 Ill.2d 8, 83 Ill.Dec. 604, 470 N.E.2d 1024 (changing the word "may" to "shall" in a preceding version of the present Act required the trial judge to inform every defendant whom he knows or has reason to believe is an addict of the possibility of treatment under the Act).
To invoke the mandate of the Act to order a substance abuse evaluation, the Henry and Beasley cases were presented with a version of the then applicable statutory provision which provided in pertinent part:
"If a court has reason to believe that an individual convicted of a crime is an addict or the individual states that he is an addict....." (Emphasis added.) Ill.Rev. Stat.1985, ch. 111½, par. 6323 (the Henry case); Ill.Rev.Stat.1979, ch. 91½, par. 120.10 (the Beasley case).
Subsequently the above-underlined portion of the statute was deleted by the General Assembly and the provision at issue in the present case and in its current statutory form provides in relevant part:
"If a court has reason to believe that an individual who is charged with or convicted of a crime is an addict or alcoholic ..." Ill.Rev.Stat.1991, ch. 111½, par. 6360-2, now codified at 20 ILCS 305/10-102 (West 1993).
Notwithstanding this amendment, our decisions in Henry and Beasley were premised on the court's "reason to believe" that the defendants were addicts rather than the mere statement by the defendants. In Henry we held
"that this evidence was sufficient to have given the trial court reason to believe that defendant was an addict and, thus, to have required it to grant defendant an evaluation under the Act whether or not it constituted `affirmative' evidence of addiction." (Emphasis in original.) Henry, 203 Ill. App.3d at 285, 148 Ill.Dec. 608, 560 N.E.2d 1205.
Similarly in Beasley we observed that "the key question becomes was there reason to believe that [defendant] was an addict." (Beasley, 109 Ill.App.3d at 454, 65 Ill.Dec. 106, 440 N.E.2d 961.) Accordingly, we find that the principles and findings in Henry and Beasley are still good law.
For the purpose of the Act, "reason to believe" is the semantic equivalent of probable cause. (People v. Saddler (1992), 231 Ill.App.3d 544, 548, 172 Ill.Dec. 786, 596 N.E.2d 65.) As with probable cause, the reason-to-believe standard deals with probabilities not certainties. Saddler, 231 Ill. App.3d at 548, 172 Ill.Dec. 786, 596 N.E.2d 65.
We find that defense counsel's statements to the trial court before the sentencing hearing are sufficient to provide the trial court with reason to believe that defendant is an addict since he admitted using cocaine on a daily basis and also smoking marijuana. Certainly the daily use of such controlled substances strongly indicates an addiction. We observe, however, that defense counsel would be well served to be prepared and present evidence, including documents or testimony, concerning a defendant's alleged addiction for the trial court to consider. (See People v. Carroll (1994), 258 Ill.App.3d 371, 373, 197 Ill.Dec. 213, 630 N.E.2d 1337 (defense counsel appended relevant documents to the presentence report and presented testimony at the sentencing hearing to demonstrate that the defendant was an alcoholic).) Thus, we vacate defendant's sentence and remand the cause for further proceedings consistent with this opinion.
Our decision does not in any way reach the issue of whether defendant may be entitled to alternative sentencing rather than imprisonment. Ordering a substance abuse examination to determine whether or not a defendant is an addict does not automatically compel a trial court to impose a sentence of probation and treatment. (Saddler, 231 Ill. App.3d at 549, 172 Ill.Dec. 786, 596 N.E.2d *952 65.) "The legislature did not intend that all defendants who also happened to be drug addicts would have an absolute right to obtain a treatment alternative under the Act." People v. Pulliam (1993), 254 Ill.App.3d 92, 95-96, 193 Ill.Dec. 323, 626 N.E.2d 356; see also Carroll, 258 Ill.App.3d at 374-75, 197 Ill.Dec. 213, 630 N.E.2d 1337 (the trial court's denial of treatment under the Act to the alcoholic defendant was arbitrary and reversible error) and People v. Gernant (1993), 242 Ill.App.3d 833, 182 Ill.Dec. 853, 610 N.E.2d 722 (the trial court did not err in denying treatment to the defendant who was found to be an addict).
Finally, although we are remanding this case, we may also address the propriety of defendant's prison sentence since the trial court, on remand, may or may not find that defendant is entitled to alternative sentencing. People v. Lillard (1993), 247 Ill.App.3d 683, 685, 187 Ill.Dec. 212, 617 N.E.2d 420; Bender, 226 Ill.App.3d at 944, 168 Ill.Dec. 895, 590 N.E.2d 532.
Defendant challenges his 11-year sentence as impermissibly disparate with the 4-year sentence imposed on codefendant King.
Initially we note that the State maintains this issue has been waived because defendant failed to object to the disparity in sentencing and failed to file a motion to reduce his sentence. The Illinois Supreme Court recently addressed the waiver issue as it pertains to sentencing issues due to conflicting findings in the various districts and held that a post-sentencing motion is not required to preserve alleged sentencing errors for appeal. (People v. Lewis (1994), 158 Ill.2d 386, 199 Ill.Dec. 664, 634 N.E.2d 717; People v. Jones (1994), 265 Ill.App.3d 627, 202 Ill.Dec. 62, 637 N.E.2d 601.) Thus we find that defendant has not waived the sentencing issue on appeal.
Absent an abuse of discretion, a reviewing court will not disturb the sentencing determination of the trial judge. (People v. Jefferson (1994), 260 Ill.App.3d 895, 914, 197 Ill.Dec. 915, 631 N.E.2d 1374.) A defendant, like the present defendant, convicted on an accountability theory shares equal guilt with the principal perpetrator of the crime. Jefferson, 260 Ill.App.3d at 916, 197 Ill.Dec. 915, 631 N.E.2d 1374; see also People v. Perez (1994), 258 Ill.App.3d 753, 196 Ill.Dec. 753, 630 N.E.2d 918 (identical sentences of 25 years' imprisonment for two codefendants was not an abuse of discretion even though one defendant was acquitted of attempted murder and the codefendant was convicted of attempted murder).
Although similarly situated defendants should not receive grossly disparate sentences, the bare fact that one defendant receives a harsher sentence than a codefendant does not by itself violate fundamental fairness or establish an impermissibly disparate sentence. (People v. Denton (1994), 264 Ill.App.3d 793, 202 Ill.Dec. 330, 637 N.E.2d 1066; People v. Rivera (2nd Dist.1994), 262 Ill.App.3d 16, 199 Ill.Dec. 508, 634 N.E.2d 347.) Factors considered to determine whether disparate sentences are warranted include the extent of participation in the crime and the differences in the codefendants' history, character, criminal records, potential for rehabilitation or relative maturity. (People v. Denton (1994), 264 Ill.App.3d at 799-800, 202 Ill.Dec. at 335, 637 N.E.2d at 1071; Jefferson, 260 Ill.App.3d at 916, 197 Ill.Dec. 915, 631 N.E.2d 1374; Rivera, 262 Ill.App.3d 16, 199 Ill.Dec. 508, 634 N.E.2d 347.) A sentence imposed on a codefendant, like King, who pleaded guilty as part of a plea agreement does not provide a valid basis of comparison to a sentence entered after a trial. Rivera, 262 Ill.App.3d 16, 199 Ill.Dec. 508, 634 N.E.2d 347; see also People v. Taylor (1994), 260 Ill.App.3d 976, 983, 198 Ill. Dec. 175, 632 N.E.2d 234 ("[i]t is proper for the trial court to grant leniency to a defendant who has pled guilty").
King pleaded guilty. At defendant's trial, King appeared pursuant to a writ, testified that he (King) acted alone and acknowledged that his real name is Anthony Brown but he uses the alias King together with many other aliases. King further testified that in 1982 he was convicted of the offense of burglary and sentenced to three years' probation. In 1987, King was again convicted of burglary and then sentenced to three years' imprisonment. King also admitted that he had been arrested many times before the current *953 smash and grab robbery which occurred when he was 28 years old.
Defendant was 22 years old at the time of the crime and, although he was six years younger than King, had accumulated a substantial criminal arrest record from the time he was 17 years old. In addition to various arrests which did not proceed to trial, defendant had two prior felony convictions for two separate drug offenses deriving from two separate arrests in addition to two convictions for violations of bail bond. For these crimes, defendant received concurrent sentences of six years' imprisonment on December 13, 1989. Accordingly, defendant was on parole at that the time of the commission of the current offense of robbery (October 24, 1991).
We do not believe that the facts of this case demonstrate any reason to justify disturbing the sentence imposed on defendant by the trial court except as it relates to the substance abuse evaluation under the Act.
For all the foregoing reasons, we affirm defendant's conviction, vacate the sentence and remand the cause for further proceedings consistent with this opinion.
Affirmed in part; vacated in part and remanded.
RIZZI and CERDA, JJ., concur.