THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SHANE HAMELIN, Defendant-Appellant.

Second District   No. 2—87—0807

Opinion filed March 29, 1989.—Rehearing denied May 5, 1989.

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan (William L. Browers and Lawrence M. Bauer, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McLAREN delivered the opinion of the court:

Defendant, Shane Hamelin, appeals from the order of the circuit court of Lake County revoking his probation and sentencing him to five concurrent terms of imprisonment ranging from three to eight years. Defendant's motions to reconsider the sentences were denied, and this appeal followed. We reverse.

On March 9, 1987, defendant pleaded guilty to one count of residential burglary (Ill. Rev. Stat. 1985, ch. 38, par. 19—3), and three counts of burglary (Ill. Rev. Stat. 1985, ch. 38, par. 19—1). A continuance was granted so that defendant could be evaluated for possible drug addiction pursuant to the Alcoholism and Substance Abuse Act (Act) (Ill. Rev. Stat. 1985, ch. 111½, par. 6301 et seq.). Defendant was interviewed and a report was issued by Treatment Alternatives to Street Crimes (TASC) indicating that defendant was a drug addict. The report further indicated that substance-abuse treatment would increase the likelihood that defendant could be rehabilitated.

On May 26, 1987, a sentencing hearing was held. Defendant testified that he was a regular user of alcohol, marijuana, and cocaine. He indicated that he used the proceeds of the burglaries to pay for his drug addiction. Defendant also indicated that he used marijuana and cocaine while the burglary charges were pending against him.

The presentence report indicated that defendant was 18 years old on the date of sentencing and that he had two prior traffic convictions and an ordinance violation. The trial court sentenced defendant to four concurrent six-month terms of imprisonment in the Lake County

jail and to four concurrent four-year terms of probation under the supervision of TASC. Defendant was then sent to the Lake County jail to begin serving his sentence.

Upon entering the jail, defendant was asked to remove his clothing so that he could be searched. Defendant then advised Officer Herb Hunter that defendant had a small amount of cocaine with him, which he voluntarily gave to Officer Hunter. Defendant was subsequently charged with two new offenses, namely the unlawful possession of cocaine (Ill. Rev. Stat. 1985, ch. 56½, par. 1401) and the bringing of contraband into a non-State penal institution (Ill. Rev. Stat. 1985, ch. 38, par. 31A–1). The State also filed a petition to revoke defendant's probation based on the new charges filed against him.

On July 7, 1987, defendant pleaded guilty to the unlawful possession of cocaine in return for a *nolle prosequi* on the charge of bringing contraband into jail. Updated presentence reports were prepared, and defendant was again found acceptable for the TASC program.

On July 29, 1987, another sentencing hearing was held for defendant. At the hearing, deputy sheriff Michael Blazincic testified that defendant told Blazincic that defendant obtained the cocaine the night before the original sentencing hearing to take into the jail in the event that incarceration would be imposed. Defendant disputed Blazincic's testimony, stating:

"I would also like to say that I am sorry, that I do have a drug problem, and I know it was stupid to bring drugs with me into court, but I didn't realize I was going to jail that day. I do have a drug problem and would like to, you know, get a chance to get help and get on with my life."

John Mizner, an area representative for TASC, also testified at the sentencing hearing. It was Mizner's opinion that defendant was still a drug addict and was still a likely candidate for successful rehabilitation. This opinion was formulated even with the knowledge that defendant appeared in court requesting TASC treatment with cocaine concealed on his person.

The trial court did not believe defendant was telling the truth and also disputed the accuracy of the TASC report. The judge stated:

"[W]ith respect to the Defendants' [Hamelin's and a codefendant's] statements, I just don't believe them. They indicated they didn't know they were going to jail, and I find that totally incredible. They both pled guilty to mandatory incarceration offenses. I just frankly don't believe a word of it."

In addition, it was the trial court's opinion that defendant only told TASC "what T.A.S.C. wanted to hear" and therefore found the TASC

report to be unreliable. It was the judge's opinion that defendant was not likely to be successfully rehabilitated in the TASC program. The court then sentenced defendant to eight years' imprisonment for his residential burglary conviction, seven years' imprisonment for each burglary conviction, and three years' imprisonment for the possession of cocaine conviction. All sentences were to be served concurrently.

On August 20, 1987, defendant filed motions to reconsider the sentences, which were denied. This appeal followed. On appeal, defendant's sole contention is that the trial court abused its discretion in sentencing defendant to lengthy terms of imprisonment for the residential burglary, burglary, and possession of cocaine convictions.

■ The imposition of a criminal sentence is a matter of judicial discretion, and the sentence may not be altered upon review unless there is an abuse of discretion. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 153; *People v. Katsigiannis* (1988), 171 Ill. App. 3d 1090, 1102.) The trial court is normally in the best position to determine the appropriate sentence based on such diverse factors as the defendant's age, credibility, moral character, social environment, demeanor, and habits. (*Perruquet*, 68 Ill. 2d at 154.) Thus, the trial court's decision is entitled to great deference on review. *People v. Younger* (1986), 112 Ill. 2d 422, 427-28.

At the original sentencing hearing, the trial court determined that defendant was a drug addict who needed professional help in treating his addiction. The judge sentenced defendant to six months in the Lake County jail and also placed defendant on four years' probation under the supervision of TASC to cure his drug addiction. However, defendant never received any rehabilitative treatment from TASC. As we previously indicated, the trial court revoked defendant's probation and sentenced defendant to imprisonment because defendant attempted to bring cocaine into the Lake County jail.

■ Defendant contends that the trial court abused its discretion in revoking defendant's probation because defendant never had the opportunity to participate in the drug rehabilitation program. The Act provides in pertinent part:

"It is the public policy of this State that the human suffering and social and economic loss caused by the illness of alcoholism, addiction to controlled substances, the use of cannabis, and the abuse and misuse of alcohol and other drugs are matters of grave concern to the people of the State. *** [T]he provision of a broad range of early intervention, treatment, and rehabilitation for alcoholics, controlled substance addicts, and alcohol and other drug abusers to the end that these unfortunate individ-

uals may be restored to good health and again become useful citizens in the community." Ill. Rev. Stat. 1987, ch. 111½, par. 6302.

At the second sentencing hearing, defendant again pleaded guilty to the offense charged. Another TASC report found defendant still to be a drug addict with high rehabilitative potential. The TASC report stated:

> "Although he violated his probation on his sentencing date, he seems to now realize the serious nature of his behavior and appears motivated for treatment. A highly structured form of probation supervision concurrent with treatment as recommended by T.A.S.C. may, in officer's opinion, deter the defendant from further criminal behavior."

However, the trial court did not believe the TASC report and went on to note that defendant thought his drug problem was nothing more than a "joke." The trial court did not believe that defendant had a very good chance of rehabilitation.

Defendant contends that our decision in *People v. Carter* (1988), 165 Ill. App. 3d 169, is instructive as to why the trial court abused its discretion in the resentencing of defendant. In *Carter*, the defendant pleaded guilty to retail theft and was placed on probation for the purpose of receiving drug therapy through TASC. While on probation, but before receiving any treatment for his addiction, defendant committed another retail theft. Defendant had his probation revoked and was sentenced to three years' imprisonment. (165 Ill. App. 3d at 171.) The appellate court reversed, holding that the defendant should have had the opportunity to begin the therapy for his drug addiction that the trial court originally prescribed for him. (165 Ill. App. 3d at 176.) The court noted that the trial court apparently saw no connection between defendant's drug problem and the retail thefts he was committing. 165 Ill. App. 3d at 175.

■ We find the reasoning of the *Carter* decision to be persuasive in the case at bar. Defendant never received any of the drug abuse treatment that the trial court initially ordered as a condition of defendant's probation. We believe the trial court abused its discretion in not allowing defendant the opportunity to cure his drug addiction in this case. As we previously indicated, the legislature enacted the Act in an effort to restore substance-abuse addicts to good health and useful citizenship. The courts have interpreted the Act as strongly favoring rehabilitation programs for drug addicts in need of treatment. (*Carter*, 165 Ill. App. 3d at 173-74; *People v. Robinson* (1973), 12 Ill. App. 3d at 291, 295.) We share this view. As the *Robinson* court indi-

cated, a trial court should not use its discretion to frustrate the purposes of the Act. (12 Ill. App. 3d at 295.) We believe the purposes of the Act would be frustrated if defendant is denied an opportunity to cure his drug addiction.

For the above-stated reasons, we find that the trial court abused its discretion in not allowing defendant to begin his rehabilitation program as originally prescribed. Accordingly, we reverse defendant's concurrent sentences of eight years for residential burglary, seven years for burglary, and three years for possession of cocaine, and remand this case back to the circuit court of Lake County for further proceedings consistent with this opinion before a different trial judge.

Reversed and remanded.

LINDBERG and WOODWARD, JJ., concur.