# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

***People v. Demsco*, 2013 IL App (3d) 120391**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DENNIS DEMSCO, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-12-0391 |
| Rule 23 Order filed<br>Motion to publish<br>allowed<br>Opinion filed | May 7, 2013<br><br>May 24, 2013<br>May 24, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court's refusal to sentence defendant to TASC probation was an abuse of discretion, since defendant met all of the eligibility requirements for TASC probation and the trial court found that defendant was an ideal candidate for TASC, but still did not impose such a sentence; therefore, the cause was remanded to allow such a sentence. |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 10-CF-1199; the Hon. Richard C. Schoenstedt, Judge, presiding. |
| Judgment | Reversed and remanded. |

| Counsel on Appeal | Joel Murphy (argued), of Chuck Bretz & Associates, P.C., of Joliet, for appellant. |
| | James Glasgow, State's Attorney, of Joliet (Terry A. Mertel and Dawn D. Duffy (argued), both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE LYTTON delivered the judgment of the court, with opinion. Presiding Justice Wright and Justice O'Brien concurred in the judgment and opinion. |

# OPINION

¶ 1     Defendant, Dennis Demsco, pleaded guilty to criminal damage to property (720 ILCS 5/21-1(1)(a) (West 2010)). The trial court conducted a sentencing hearing and imposed a term of 24 months' probation. On appeal, defendant argues that the trial court abused its discretion in failing to sentence him to TASC probation under the Alcoholism and Other Drug Abuse and Dependency Act (Act) (20 ILCS 301/40-10 (West 2010)). We reverse and remand for further proceedings.

¶ 2     On June 7, 2010, defendant, while impaired, drove his car into his girlfriend's vehicle and pushed it up against a garage. He then picked up a Red Flyer wagon and broke the windows and side mirrors and dented the fenders of another car parked nearby. Defendant was arrested and charged with two counts of criminal damage to property. See 720 ILCS 5/21-1(1)(a) (West 2010).

¶ 3     In September of 2011, defendant pleaded guilty to one count in the indictment and petitioned for the election of probation with treatment under the Act, commonly referred to as TASC (Treatment Alternatives for Safe Communities) probation. At the sentencing hearing, the trial court reviewed defendant's criminal history and noted that he had no prior felony arrests or convictions. The court determined that probation would be an appropriate sentence. The trial court then considered two TASC reports filed in conjunction with defendant's election under the Act. The first report stated that the TASC drug evaluator had conducted an assessment on November 16, 2011, and concluded that defendant was "unservicable" for TASC probation because he had successfully completed treatment prior to assessment for TASC services and had not used any drugs since he committed the offense. A revised report, submitted on January 12, 2012, stated that a TASC supervisor had reassessed defendant and determined that defendant was acceptable for the TASC program. The second report indicated that defendant met the criteria for alcohol and cocaine dependence and recommended office monitoring at a TASC facility because defendant had already completed substance abuse treatment at the New Day Center.

¶ 4    After considering the TASC reports and other information, the trial court found that defendant had a substance abuse issue dating back to 2010 and was under the influence of alcohol and illicit drugs at the time he committed the crime. The court noted that the revised TASC report stated that (1) defendant was TASC eligible, (2) defendant's eligibility was based on his likelihood for rehabilitation through substance abuse treatment, (3) there "appeared" to be a nexus between his abuse and the crime, and (4) defendant met the program's criteria for alcohol and cocaine dependence. The court further noted that "TASC probation should be imposed in circumstances where this Court believes that TASC probation would most likely be needed, be successful and, quite frankly, this Court does take into consideration not only [defendant's] potential problems of abusing substances such as illegal drugs and alcohol, alcohol is not illegal, of course, but it is a substance, but also takes into account his other issues relating to his mental health." The court then acknowledged that TASC services had been reduced in recent years due to "budgetary restrictions and limitations."

¶ 5    In reaching its decision, the trial court found that defendant was a candidate for TASC, that he was in need of TASC services, that he was likely to successfully complete the services, and that he was doing "very, very well since the incident back in 2010." It also found that incarceration was not necessary and that defendant was a good candidate for probation. The court then concluded that a sentence of probation was more appropriate than TASC treatment and sentenced defendant to 24 months' probation.

¶ 6                                    ANALYSIS

¶ 7    Defendant argues that the trial court erred in denying him TASC probation under the Act because the court found that there was a significant relationship between the offense and defendant's substance abuse and that defendant posed no serious threat to the public and was likely to be rehabilitated through treatment.

¶ 8    A defendant who is charged with or convicted of a crime and suffers from alcoholism or other drug addition may elect to submit to treatment by a designated TASC program. 20 ILCS 301/40-10(a) (West 2010). Upon election, the defendant must undergo an examination by a designated program, which then reports to the trial court. 20 ILCS 301/40-10(b) (West 2010). "If the court, on the basis of the [TASC] report and other information, finds that such an individual suffers from alcoholism or other drug addiction and is likely to be rehabilitated through treatment, the individual shall be placed on probation and under the supervision of a designated program ***." 20 ILCS 301/40-10(b) (West 2010). A trial judge may deny treatment under the Act if he or she finds that (1) no significant relationship exists between the defendant's addiction or alcoholism and the crime committed, or (2) the defendant's imprisonment is necessary for the protection of the public. 20 ILCS 301/40-10(b) (West 2010). The court must specify, on the record, the particular evidence, information or reasons that form the basis of its opinion. 20 ILCS 301/40-10(b) (West 2010). A trial court's determination of a defendant's eligibility for treatment and sentence under the Act will not be reversed absent a showing that the court acted in an arbitrary manner or abused its discretion. *People v. Gernant*, 242 Ill. App. 3d 833 (1993).

¶ 9       The policy of the Act is to place individuals suffering from alcoholism or other drug addiction on probation and provide rehabilitative services so that those who abuse drugs may be restored to good health and become productive members of the community. 20 ILCS 301/1-5 (West 2010); *People v. Clark*, 206 Ill. App. 3d 741 (1990); *People v. Hamelin*, 181 Ill. App. 3d 350 (1989). The discretion vested in the court should be exercised with a view toward implementing, rather than frustrating, the strong legislative policy disclosed by the enactments creating the drug addiction rehabilitation program. *People v. Robinson*, 12 Ill. App. 3d 291 (1973). Although a trial court is allowed discretion in sentencing matters, it still has an obligation to exercise that discretion responsibly and in a manner that reflects the constitutional mandate that all penalties shall be determined according to the seriousness of the offense, with the objective of restoring the defendant to useful citizenship. *Clark*, 206 Ill. App. 3d at 745-46.

¶ 10      Here, the revised TASC report indicated that defendant was eligible to participate in the treatment program. The report also noted that there was a nexus between defendant's abuse of alcohol and drugs and his criminal activity and that defendant was likely to be rehabilitated through treatment. The trial court found that all the eligibility requirements had been met. It reviewed the TASC reports and agreed that rehabilitation services would most likely be needed based on defendant's assessed alcohol and drug abuse. The court further agreed that defendant was likely to successfully complete the services. In light of the trial court's findings, the language of the statute mandates TASC treatment unless the trial court makes a specific determination that no significant relationship between defendant's addiction and the crime or imprisonment is required to protect the community. The trial court made no such finding in this case. To the contrary, the court found that defendant was an ideal candidate for TASC probation and treatment. Thus, the trial court abused its discretion by denying defendant treatment under the Act.

¶ 11                                    CONCLUSION

¶ 12      The judgment of the circuit court of Will County is reversed and remanded to allow the trial court to sentence defendant to a period of TASC probation.

¶ 13      Reversed and remanded.