**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 170564-U

Order filed February 4, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) ) | Appeal No. 3-17-0564 Circuit No. 15-CF-461 |
| ROLAND OWENS, | ) ) | Honorable David M. Carlson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE McDADE delivered the judgment of the court.
Justices Carter and Wright concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:   The circuit court did not abuse its discretion in sentencing defendant to a term of imprisonment rather than Treatment Alternatives for Safe Communities probation.

¶ 2     Defendant, Roland Owens, appeals his sentence of five years' imprisonment imposed after the revocation of his probation. Specifically, defendant argues that the circuit court abused its discretion by not sentencing him to Treatment Alternatives for Safe Communities (TASC) probation. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        Defendant pled guilty to failure to register as a sex offender (730 ILCS 150/6, 10(a) (West 2014)) on August 3, 2015.[1] The court sentenced him to 24 months' probation. A condition of defendant's probation was that he refrain from ingesting any illicit drug.

¶ 5        On October 24, 2016, the State filed a petition to revoke probation. The petition alleged that defendant was ordered not to ingest any illegal substances as a condition of his probation, and he tested positive for cocaine on August 25, 2016; September 1, 2016; and September 9, 2016. The petition alleged that on October 13, 2016, defendant admitted to his probation officer that he was using cocaine and marijuana. The petition also alleged that defendant failed to provide verification of obtaining or scheduling a drug and alcohol evaluation.

¶ 6        At a status hearing on February 2, 2017, defense counsel indicated that defendant was receiving inpatient substance abuse treatment. The parties discussed an email from defendant's probation officer indicating that defendant had tested positive for cocaine on December 29, 2016, and admitted to using cocaine on another occasion. The prosecutor stated that defendant "continue[d] to test positive even though he's in inpatient."

¶ 7        On February 23, 2017, defense counsel advised the court that defendant had finished inpatient treatment and was beginning aftercare on an outpatient basis. Defendant took and passed a drug test that day.

¶ 8        On March 2, 2017, the court stated that defendant had had a positive drug test at probation the day before. The court *sua sponte* issued a warrant for defendant's arrest.

_____

[1]The indictment and probation order referred to the offense as "failure to register as [a] sex offender." However, the facts of the case and statutory citations in the indictment and probation order show that defendant was actually convicted of failure to report every 90 days under section 6 of the Sex Offender Registration Act (730 ILCS 150/6 (West 2014)).

¶ 9        Thereafter, defendant appeared before the court and admitted the allegations in the petition to revoke. The court accepted defendant's admission and ordered that a presentence investigation report (PSI) be prepared. Defendant requested a TASC evaluation, and the court ordered the evaluation.

¶ 10       A PSI was prepared by probation officer Michael Kulovitz. The PSI indicated that defendant had prior felony convictions for criminal sexual assault, violating sex offender registration, and manufacture or delivery of cocaine. Defendant also had misdemeanor convictions for aggravated assault, violating sex offender registration, reckless driving, driving on a suspended license, and knowing damage to property. Defendant's first offense occurred in 1997.

¶ 11       Regarding defendant's initial sentence of probation in the instant case, the PSI indicated that defendant had failed to attend five probation appointments between August and December 2016. The PSI also indicated that defendant had tested positive for cocaine on "August 25, 2016, September 1, 2016, September 9, 2016, December 29, 2016, and March 1, 2016."[2] Defendant completed a residential substance abuse treatment program on February 20, 2017, and he was attending an outpatient substance abuse treatment program when he was taken into custody on March 15, 2017. Defendant reported that he began using marijuana and crack cocaine when he was in his twenties and used these substances almost daily. Defendant completely stopped using all illicit substances for approximately eight years. He resumed using marijuana and crack cocaine sporadically prior to being placed on probation in the instant case.

_____

[2]The PSI may contain an error where it says that defendant tested positive on March 1, 2016, rather than March 1, 2017. The transcript from March 2, 2017, indicates that defendant tested positive on March 1, 2017. Also, the March 1 test is not included in the petition to revoke probation filed in October 2016.

3

¶ 12 Two letters from TASC personnel appear in the record. The first letter was addressed to Kulovitz. The letter stated that, after performing an initial assessment, TASC had determined that defendant was a substance abuser, demonstrated the likelihood for rehabilitation through substance abuse services, and exhibited a nexus between his addiction and criminal behavior. A probation officer signed the letter, indicating that the officer consented to defendant receiving treatment from TASC.

¶ 13 The second letter from TASC personnel was addressed to the court. The letter indicated that defendant had been found to be acceptable for TASC services, and the probation department had consented to defendant's election for substance abuse treatment through TASC. TASC recommended that defendant begin substance abuse treatment in intensive outpatient treatment and that he participate in sex offender counseling.

¶ 14 At the resentencing hearing, the court noted that defendant faced an extended-term sentencing range of 2 to 10 years' imprisonment but was also eligible for probation. Defense counsel provided documentation showing that defendant had been attending drug recovery classes in jail.

¶ 15 The State argued that defendant should be sentenced to a term of imprisonment rather than probation. The State noted that defendant had multiple prior felony convictions. The State argued that defendant had shown that he could not comply with the terms of probation in the instant case based on his multiple failures to appear and multiple positive drug tests.

¶ 16 Defense counsel argued that defendant had struggled with drug addiction for most of his adult life. Defense counsel noted that Kulovitz had indicated that he wanted defendant to have "another chance at TASC," and the officer was "very much in [defendant's] corner." Defense

4

counsel stated: "I know Your Honor has been a probation officer and nobody knows defendants better than probation officers."

¶ 17      Defendant gave a statement in allocution in which he stated that drugs had always been an underlying issue that he had never "dealt with." Defendant stated that earlier that year "was the first time [he] actually found out about addictions and the disease of addiction." Defendant indicated that he had learned the 12 steps. Defendant stated: "[I]t's a disease and something I have to deal with and work with and I believe and I know that I can, Your Honor."

¶ 18      The court resentenced defendant to five years' imprisonment. The court noted that this case involved defendant's fourth felony conviction. The court said that defendant "had [his] break at probation," but he did not use it. The court reasoned:

> "As [defense counsel] said, I was a probation officer a long, long time ago and I find it interesting that Officer Kulovitz would think that way especially knowing what your criminal history is. You know, there's two things I take into consideration, obviously the offense now and the sins of your past, if you will. And I would think that after oh, approximately 20 years in the criminal justice system that you would have figured out that it is a disease, and I agree with you on that, and that there's something that you should have done with the opportunities given to you before.
>
> So I will take everything into consideration, everything that was given to me. I will look at the TASC evaluation. I will show that they find you to be acceptable but I am not going to sentence you to TASC, [defendant]. I'm going to give you five years in the Illinois Department of Corrections. I'm not going to sentence you in the extended-term range because I think that by your admission

5

that you're showing that you understand that you've messed up. But I know of no other way to get you the help that you need than to give you the five years.

I'll recommend Sheridan, the drug treatment plan or program, and then maybe when you get out maybe after 20 years of being on this rollercoaster you'll change."

The court further reasoned:

"Show that the—just so that the record is clear, I find that TASC would deprecate the seriousness of the offense and/or the criminal history of the defendant shows that there is not even a—likelihood is not even a word to be—to describe [defendant's] potential of satisfying TASC probation. I think that it is highly unlikely that any sentence to probation or TASC probation would be satisfied by [defendant]. So I don't want to waste [defendant's] time or anybody else's."

¶ 19                                      II. ANALYSIS

¶ 20        Defendant argues that the court abused its discretion in sentencing him to imprisonment rather than TASC probation because defendant had shown that he was trying to beat his addiction on his own, TASC had found that defendant was acceptable for treatment, and TASC had found that defendant had demonstrated a likelihood for rehabilitation through TASC services. We find that the court did not abuse its discretion in denying defendant's request to participate in TASC probation.

¶ 21        Under section 10-5 of the Alcoholism and Other Drug Abuse and Dependency Act (Act) (20 ILCS 301/40-5 (West 2016)), subject to certain exceptions, an individual with a drug addiction who was charged with or convicted of a crime could elect treatment under the supervision of a designated TASC program. If the individual elected to undergo treatment, the

court was directed to order an assessment to determine whether the individual suffered from a drug addiction and was likely to be rehabilitated through treatment. *Id.* § 40-10(b). Section 40-10(b) of the Act provided:

> "If the court, on the basis of the report and other information, finds that such an individual suffers from a alcoholism or other drug addiction and is likely to be rehabilitated through treatment, the individual shall be placed on probation and under the supervision of a designated program for treatment and under the supervision of the proper probation authorities for probation supervision unless, giving consideration to the nature and circumstances of the offense and to the history, character and condition of the individual, the court is of the opinion that no significant relationship exists between the addiction or alcoholism of the individual and the crime committed, or that his imprisonment or periodic imprisonment is necessary for the protection of the public, and the court specifies on the record the particular evidence, information or other reasons that form the basis of such opinion." *Id.*

Section 40-10(c) of the Act (*id.* § 40-10(c)) provided that that the court was to "impose sentence as in other cases" if the court found that the individual was "not likely to be rehabilitated through treatment, or that his addiction or alcoholism and the crime committed [were] not significantly related, or that his imprisonment *** [was] necessary for the protection of the public."

¶ 22        "A defendant does not have an absolute right to require the treatment alternative provided by the statute. [Citation.] Rather, the circuit court has broad discretion to deny or grant a defendant's request to participate in the treatment program." *People v. Moore*, 206 Ill. App. 3d 769, 775-76 (1990). "The court may consider the record of the defendant and the likelihood of

7

rehabilitation through treatment under the program." *People v. Williams*, 138 Ill. App. 3d 592, 594 (1985). "A trial court's determination of a defendant's eligibility for treatment and sentence under the Act will not be reversed absent a showing that the court acted in an arbitrary manner or abused its discretion." *People v. Demsco*, 2013 IL App (3d) 120391, ¶ 8.

¶ 23    Here, the court properly exercised its discretion in declining to sentence defendant to TASC probation. The court found that defendant was unlikely to satisfy the conditions of TASC probation based on his prior criminal record. This was a proper basis for denying TASC probation. See *People v. Gernant*, 242 Ill. App. 3d 833, 835 (1993) ("A judge may deny treatment under the Act if he finds that the defendant is not likely to be rehabilitated through treatment ***."). The court's determination is supported by the record. The PSI in this case indicates that this was defendant's fourth felony conviction. Defendant was initially sentenced to probation in this case, but his probation was revoked after he failed several drug tests and failed to verify that he had scheduled a drug and alcohol evaluation. The PSI also showed that defendant failed to meet with his probation officer on several occasions. The record showed that defendant participated in inpatient and outpatient substance abuse treatment after the petition to revoke was filed, but he tested positive for drugs while undergoing treatment. Based on this record, the court did not act arbitrarily or abuse its discretion in denying a sentence of TASC probation.

¶ 24                                   III. CONCLUSION

¶ 25    The judgment of the circuit court of Will County is affirmed.

¶ 26    Affirmed.