2023 IL App (1st) 210431-U
Order filed: March 9, 2023

FIRST DISTRICT
FOURTH DIVISION

No. 1-21-0431

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 15 CR 1841101 |
| | ) | |
| LATRELL MCKINZIE, | ) | Honorable |
| | ) | William H. Hooks, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE ROCHFORD delivered the judgment of the court.
Presiding Justice Lampkin and Justice Martin concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Denial of defendant's motion to vacate his conviction is reversed, and this matter is remanded for a hearing on that motion, where the circuit court incorrectly found that the motion was untimely filed.

¶ 2    Defendant-appellant, Latrell McKinzie, appeals from the denial of a motion to vacate his conviction for possession of a controlled substance with intent to deliver, following his successful completion of a substance-abuse treatment program while on probation. Because we conclude that the circuit court incorrectly denied the motion on the basis it was not timely filed, we reverse and remand for a hearing on defendant's motion to vacate his conviction.

¶ 3    On February 16, 2016, defendant pleaded guilty to the Class 2 felony offense of possession of a controlled substance with intent to deliver, pursuant to a negotiated agreement. The factual

basis for the plea indicated that on September 11, 2015, police observed defendant engage in a hand-to-hand narcotics transaction in Chicago, Illinois. Defendant was stopped and police recovered a substantial amount of money and fewer than 10 pills of suspected MDMA, which later tested positive for MDMA.

¶ 4     After defendant waived a presentence investigation report, the circuit court concluded defendant had a substance-abuse problem, and the State noted that defendant's background included only a single 2013 misdemeanor offense of aggravated assault, defendant was sentenced pursuant to the negotiated agreement to two years of Treatment Alternatives for Safe Communities (TASC) probation, pursuant to section 4-10 of the Substance Use Disorder Act (Act). 20 ILCS 301/40-10 (West 2016). Defendant's probation was to terminate on February 15, 2018, and he was required to complete a drug and alcohol evaluation and satisfy any treatment recommendations, as well as refrain from possessing a firearm and violating any criminal statutes.

¶ 5     On the same day he pleaded guilty and was sentenced, and with leave of the circuit court, defendant's counsel filed a motion to vacate his conviction upon successful completion of his TASC probation, pursuant to section 4-10(e) of the Act. 20 ILCS 301/40-10(e) (West 2016). While defendant's counsel indicated that he usually had the clerk's office set such a motion for hearing on the date probation was scheduled to terminate, the circuit court instructed counsel that he would "need to come back because I need to really review his probation service to see whether or not he's met with conditions he needs to do."

¶ 6     During defendant's probation, the State filed several petitions for violation of probation and various supplements to those petitions. However, the State ultimately withdrew all its pending petitions for violation, defendant successfully completed drug treatment, and the trial court entered an order terminating defendant's probation satisfactorily on November 28, 2018. The motion to

vacate defendant's conviction, filed more than two years before that date, was not addressed at that time.

¶ 7     More than two years later, on January 6, 2021, defendant's counsel asked the court to advance the motion to vacate and the circuit court continued the matter to February 4, 2021, for "an argument or resolution." On that date, the State indicated it would be objecting to the motion because defendant had been recently arrested for another offense. The matter was continued by agreement.

¶ 8     Thereafter, the State filed a written response to the motion to vacate in which it objected because on February 1, 2021, defendant was arrested and charged with unlawful use of a weapon by a felon and aggravated battery of a police officer. Defendant filed a written reply noting that he successfully completed his TASC probation in 2018, the recent criminal charges arose more than two years thereafter, and defendant should be presumed innocent of the pending charges. Defendant therefore asked that his conviction be vacated *nunc pro tunc* to the date his probation was terminated. Neither the State's written response nor defendant's written reply addressed the timeliness of defendant's motion to vacate.

¶ 9     The motion to vacate was set for a final hearing on March 18, 2021, but no court reporter was present on that date. This court granted defendant's motion to file an agreed statement of facts with respect to that hearing, pursuant to Illinois Supreme Court Rule 323(d) (eff. July 1, 2017). Pursuant to that agreed statement of facts, at the hearing the State objected to the motion on the basis that it was "not timely" and because of defendant's recent arrest on new charges. The circuit court then denied the motion to vacate, noting that "it had been filed too late." In response to this ruling, defense counsel:

"sought to inform [the court] that the motion to vacate had been filed immediately after the

defendant was placed on probation but that it had never been ruled upon, that the defendant's probation had terminated satisfactorily well before the [*sic*] he was charged in the new case, and that he was presumed innocent on those charges. He also informed the judge that the State had filed a response to his motion and he had filed a reply to the State's response and he was unsure whether those pleading [*sic*] had been reviewed. Based on this, [defense counsel] requested further hearing on the matter."

¶ 10     In response, the circuit court denied the request for a hearing and advised defense counsel to "file a notice of appeal." Defendant's notice of appeal was filed on April 8, 2021.

¶ 11     The Act recognizes that substance use disorders "constitute a serious public health problem" and the effects of that problem "on public safety and the criminal justice system cause serious social and economic losses, as well as great human suffering." 20 ILCS 301/1-5 (West 2020). The Act thus calls for "a comprehensive and coordinated strategy" implemented through "local prevention, early intervention, treatment, and other recovery support services," and mandates that "this strategy should empower those struggling with substance use disorders (and, when appropriate, the families of those persons) to lead healthy lives." *Id*.

¶ 12     The Act attempts to achieve these goals, in part, by providing that "an offender who suffers from alcoholism or other drug addiction may elect to be sentenced to probation with substance abuse treatment as an alternative to traditional sentencing." *People v. McGregor*, 405 Ill. App. 3d 776, 779 (2010); 20 ILCS 301/40-5 (West 2020). If a defendant so elects, the circuit court orders probation with substance abuse treatment as an alternative to traditional sentencing, and the defendant successfully completes probation, then the Act provides:

> "Upon successful fulfillment of the terms and conditions of probation the court shall discharge the person from probation. If the person has not previously been convicted

of any felony offense and has not previously been granted a vacation of judgment under this Section, upon motion, the court shall vacate the judgment of conviction and dismiss the criminal proceedings against him or her unless, having considered the nature and circumstances of the offense and the history, character and condition of the individual, the court finds that the motion should not be granted. Unless good cause is shown, such motion to vacate must be filed at any time from the date of the entry of the judgment to a date that is not more than 60 days after the discharge of the probation." 20 ILCS 301/40-10(e) (West 2020).

¶ 13    We review a circuit court's ruling on a motion to vacate a conviction for an abuse of discretion. *McGregor*, 405 Ill. App. 3d at 779. A circuit court abuses its discretion where its ruling is arbitrary, fanciful, or unreasonable, where no reasonable person would take the view adopted by the circuit court, or where its ruling rests on an error of law. *People v. Olsen*, 2015 IL App (2d) 140267, ¶ 11. In addition, an exercise of discretion based on a manifest error of fact is also an abuse of discretion. *People v. Johnson*, 227 Ill. App. 3d 800, 817 (1992).

¶ 14    Here, it is clear from the record that the circuit court did not deny defendant's motion to vacate his conviction on the merits, but rather denied the motion solely because "it had been filed too late." Whether viewed as a decision based upon a error of law or an error of fact, we find that decision to be an abuse of discretion.

¶ 15    The record is clear that defendant pleaded guilty and was sentenced to probation on February 16, 2016, and that defendant's period of probation was successfully terminated on November 28, 2018. Defendant's motion to vacate his conviction was filed, with leave of the circuit court, on the same day he was sentenced, February 16, 2016. With respect to a motion to vacate a conviction, the Act specifically provides that "[u]nless good cause is shown, such motion

to vacate must be filed at any time from the date of the entry of the judgment to a date that is not more than 60 days after the discharge of the probation." 20 ILCS 301/40-10(e) (West 2020). Defendant's motion to vacate therefore clearly satisfied the timeliness requirements of the Act, where it was filed within the time permitted by the Act. The circuit court therefore abused its discretion when it denied defendant's motion to vacate his conviction solely because "it had been filed too late."

¶ 16    In reaching this conclusion we acknowledge that while defendant timely filed his motion with leave of court on February 16, 2016, he did not seek a ruling on that motion until January 6, 2021, over two years after his probation was terminated on November 28, 2018. We also acknowledged that the circuit court has a local rule, Rule 2.3, providing that: "The burden of calling for hearing any motion previously filed is on the party making the motion. If any such motion is not called for hearing within 90 days from the date it is filed, the court may enter an order overruling or denying the motion by reason of the delay." Cook Co. Cir. Ct. R. 2.3 (eff. July 1, 1976).

¶ 17    However, neither the circuit court nor the State ever cited to that local rule, and there is no indication that the motion to vacate was denied based upon delay in calling it for a hearing rather than based on the circuit court's incorrect conclusion that "it had been filed too late." We therefore decline to affirm that circuit court's decision based upon an exercise of discretion it never made.

¶ 18    Having concluded that the circuit court improperly denied the motion to vacate defendant's conviction because it was untimely filed, we note that each of the parties invite this court to nevertheless address the merits of defendant's motion on appeal. Defendant does so on the theory that timeliness was an improper basis to deny the motion, and that the motion otherwise should have been granted on the merits. The State contends that the motion fails on the merits, and we

should address those merits as an alternative basis to affirm the circuit court's decision. See *People v. Flynn*, 341 Ill. App. 3d 813, 826 (2003) (appellate court may affirm for any reason supported by the record regardless of the basis relied upon by the circuit court). We decline the parties' invitations to do so.

¶ 19 While it is true that we may affirm the decision of the circuit court for any reason appearing in the record, we are not required to search the record for reasons to affirm. *Dunlap v. Illinois Founders Insurance. Co*., 250 Ill. App. 3d 563, 569-70 (1993). See also, *Pepper Construction Co. v. Palmolive Tower Condominiums, LLC*, 2016 IL App (1st) 142754, ¶ 81 (appellate court's function "is to review rulings and judgments of the circuit courts and generally we will not pass on any question as to which the circuit court failed to make a decision"). In some circumstances, our review of the circuit court's decision should be limited to the issues the circuit court actually addressed and decided, and in those circumstances it may be more prudent to remand the matter to the circuit court to consider and rule upon any further issues in the first instance. *Dunlap*, 250 Ill. App. 3d at 569-70; *Ward v. Hilliard*, 2018 IL App (5th) 180214, ¶ 56; *Garrido v. Arena*, 2013 IL App (1st) 120466, ¶ 33.

¶ 20 We believe that this appeal presents such a circumstance. The circuit court never considered the merits of defendant's motion to vacate. No evidence or argument on the merits was presented at the hearing on the motion, it is not clear that the circuit court considered the written response and reply filed by the parties, and the circuit court made no findings of fact as to the merits of defendant's request that his conviction be vacated. On this record. we therefore find that this matter should be remanded to the circuit court to consider the merits of defendant's motion in the first instance.

¶ 21    For the foregoing reasons, we reverse the judgment of the circuit court and remand for a

hearing on defendant's motion to vacate his conviction.

¶ 22    Reversed and remanded.